UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JG & PG on behalf of their minor child, JG III and    :
on their own behalves, LA & GA on behalf of their            08 CV 5668 (SCR)
minor child, FA, and on their own behalves, MS        :
and RS, on their own behaves and on behalf of their
minor child, MAS, TS and NS on behalf of their        :
minor child VS and on their own behalves, LB
on behalf his minor child RB and on his own behalf, :    NOTICE OF MOTION
TC and TC, on behalf of their minor son, NC, and
on their own behalves, RB on behalf of her minor      :
son, NB and on her own behalf,
                                                      :
                        Plaintiffs,
                                                      :
            v.
                                                      :
TAMMY CARD, JOYCE SPIEGEL, LORRIE
REYNOLDS, JOSEPH LEVY, SHERRY                         :
STREITAS, CAROL DeALLEAUME,
DR. ROBERT J. REIDY, JR., MAHOPAC                     :
CENTRAL SCHOOL DISTRICT,
                                                      :
                        Defendants.
---------------------------------------------------------------X

        PLEASE TAKE NOTICE that upon the declaration of Michael Mouzakitis, dated

August 15, 2008, the exhibit annexed thereto, the accompanying memorandum of law, and all

pleadings and proceedings in this action, Defendant Carol DeAlleaume, by her attorneys,

Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, will move before the

United States District Judge Stephen C. Robinson at the United States District Courthouse, 300

Quarropas Street, White Plains, New York 10601, on October 10, 2008 or a later date to be

scheduled by the Court, for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, dismissing the Complaint with prejudice, and granting such other and further relief as

the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to a briefing schedule set by the parties, opposition papers shall be served on or before September 15, 2008 and reply papers shall be served on or before October 3, 2008.

Dated: New York, New York
        August 15, 2008

                                    Respectfully submitted,

                                    CONGDON,FLAHERTY,O'CALLAGHAN,
                                    REID,DONLON, TRAVIS & FISHLINGER

                                    By: _____
                                        MICHAEL MOUZAKITIS (MM 0064)
                                    *Attorneys for Defendant, Carol DeAlleaume*
                                    333 Earle Ovington Boulevard
                                    Uniondale, New York  11553
                                    (516) 542-5900

To:     MICHAEL H. SUSSMAN, ESQ.
        Sussman & Watkins
        P.O. Box 1005
        Goshen, NY  10924

        *Attorneys for Plaintiffs*

        JOHN T. BRENNAN, ESQ.
        Henderson & Brennan
        222 Mamaroneck Avenue
        White Plains, NY  10605

        *Attorneys for Defendants, Tammy Card,*
        *Joyce Spiegel, Lorrie Reynolds,*
        *Joseph Levy And Sherry Streitas*

        PAUL F. MILLUS, ESQ.
        Snitow, Kanfer, Holtzer & Millus, LLP
        575 Lexington Avenue, 14TH Floor
        New York, NY  10022

        *Attorneys For Defendants, Robert J. Reidy, Jr.,*
        *And The Mahopac Central School District*

2

CERTIFICATE OF SERVICE

MICHAEL MOUZAKITIS hereby certifies that on August 15, 2008, deponent caused a true copy of the within Motion to Dismiss to be served via ECF and by mail, by depositing a true copy thereof in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York on the following:

MICHAEL H. SUSSMAN, ESQ.
Sussman & Watkins
P.O. Box 1005
Goshen, NY 10924

*Attorneys for Plaintiffs*


JOHN T. BRENNAN, ESQ.
Henderson & Brennan
222 Mamaroneck Avenue
White Plains, NY 10605

*Attorneys for Defendants, Tammy Card,*
*Joyce Spiegel, Lorrie Reynolds,*
*Joseph Levy And Sherry Streitas*


PAUL F. MILLUS, ESQ.
Snitow, Kanfer, Holtzer & Millus, LLP
575 Lexington Avenue, 14TH Floor
New York, NY 10022

*Attorneys For Defendants, Robert J. Reidy, Jr.,*
*And The Mahopac Central School District*


_____
MICHAEL MOUZAKITIS (MM 0064)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JG & PG on behalf of their minor child, JG III and :
on their own behalves, LA & GA on behalf of their
minor child, FA, and on their own behalves, MS     :      08 CV 5668 (SCR)
and RS, on their own behaves and on behalf of their
minor child, MAS, TS and NS on behalf of their     :
minor child VS and on their own behalves, LB
on behalf his minor child RB and on his own behalf, :
TC and TC, on behalf of their minor son, NC, and
on their own behalves, RB on behalf of her minor   :
son, NB and on her own behalf,
                                                   :
                        Plaintiffs,
                                                   :
                v.
                                                   :
TAMMY CARD, JOYCE SPIEGEL, LORRIE
REYNOLDS, JOSEPH LEVY, SHERRY            :
STREITAS, CAROL DeALLEAUME,
DR. ROBERT J. REIDY, JR., MAHOPAC        :
CENTRAL SCHOOL DISTRICT,
                                                   :
                        Defendants.
-------------------------------------------------------------X

08 CV 5668 (SCR)

DECLARATION

MICHAEL MOUZAKITIS declares, pursuant to 28 U.S.C.§ 1746, that the following

statements are true and correct:

1.      I am an associate of the law firm of Congdon, Flaherty, O'Callaghan, Reid,

Donlon, Travis & Fishlinger, attorneys for the Defendant Carol DeAlleaume in this action.  I

respectfully submit this declaration in support of DeAlleaume's motion for an order pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint with prejudice.

2.      A true copy of Plaintiffs' Complaint, dated June 20, 2008, annexed to this

Declaration as Exhibit "A", is relevant to the resolution of this motion and is also referred to in

the accompanying memorandum of law.

WHEREFORE, it is respectfully requested that this Court issue an order granting the instant motion to dismiss and granting such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
      August 15, 2008

 

_____
MICHAEL MOUZAKITIS (MM 0064)

H:\WPDOCS\FILES\M\MAHOPAC CASES\MOTION TO DISMISS\MTD.Declaration.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JG & PG on behalf of their minor child, JG III and       :
on their own behalves, LA & GA on behalf of their
minor child, FA, and on their own behalves, MS           :          08 CV 5668 (SCR)
and RS, on their own behaves and on behalf of their
minor child, MAS, TS and NS on behalf of their           :
minor child VS and on their own behalves, LB
on behalf his minor child RB and on his own behalf, :
TC and TC, on behalf of their minor son, NC, and
on their own behalves, RB on behalf of her minor         :
son, NB and on her own behalf,
                                                         :
                              Plaintiffs,
                                                         :
                 v.
                                                         :
TAMMY CARD, JOYCE SPIEGEL, LORRIE
REYNOLDS, JOSEPH LEVY, SHERRY                             :
STREITAS, CAROL DeALLEAUME,
DR. ROBERT J. REIDY, JR., MAHOPAC                         :
CENTRAL SCHOOL DISTRICT,
                                                                          :
                              Defendants.
--------------------------------------------------------------X


---

### MEMORANDUM OF LAW IN SUPPORT
### OF CAROL DeALLEAUME'S RULE 12(b)(6)

---


**CONGDON, FLAHERTY, O'CALLAGHAN,
REID, DONLON, TRAVIS & FISHLINGER**
*Attorneys for Defendant - Carol DeAlleaume*
Office & P.O. Address
333 Earle Ovington Blvd., Suite 502
Uniondale, New York 11553-3625
(516) 542-5900

Of Counsel

Michael Mouzakitis

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

Table of Authorities ................................................................................. i

Preliminary Statement ..............................................................................2

The Complaint's Factual Allegations ........................................................3

The Complaint's Causes of Action.............................................................5

<u>ARGUMENT</u>

POINT I

THE COMPLAINT DOES NOT MAKE OUT A CLAIM WHEREBY
CAROL DEALLEAUME WOULD BE LIABLE FOR VIOLATING
PLAINTIFFS' RIGHTS TO SUBSTANTIVE DUE PROCESS .............................6

A.    The Facts Alleged Do Not Make Out a Claim that Ms. DeAlleaume
      Deprived Plaintiffs of a Constitutional Right  .................................6

      1.    There is No Allegation of an Underlying Constitutional Right
            Which Ms. DeAlleaume Violated ......................................6

      2.    There is No Inference that Ms. DeAlleaume's Actions Were
            Taken Recklessly or With Deliberate Indifference ...........................9

B.    Plaintiff-Parents Lack Standing to Assert a Violation of the
      Plaintiff-Children's Constitutional Rights ...................................10

C.    The Complaint Fails to Plead Any Allegation of Personal
      Involvement of Defendant Ms. DeAlleaume ................................12

      1.    No Participation or Failure to Remedy a Wrong .............................13

      2.    No Creation of a Policy or Custom ..................................15

      3.    No Gross Negligence in Supervising Subordinates .........................17

      4.    No Deliberate Indifference Due to Failure to Act on Information ...19

D.    Carol DeAlleaume is Not Liable Under Section 1983 ................................19

E.    Carol DeAlleaume is Protected by the Doctrine of Qualified Immunity .....20

POINT II

PLAINTIFFS HAVE NOT STATED A CLAIM FOR
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ................................21

POINT III

PLAINTIFFS HAVE NOT STATED A CLAIM FOR
VIOLATION OF EXECUTIVE LAW § 296.........................................................22

CONCLUSION.....................................................................................................24

APPENDIX

## <u>TABLE OF AUTHORITIES</u>

<u>Caselaw:</u>

<u>Aggarwal v. N.Y. City Health & Hosp. Corp.</u>, 2000 WL 172787 (S.D.N.Y. 2000) ....................19

<u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S.Ct. 3034 (1987) ......................................20

<u>Baker v. McCollan</u>, 443 U.S. 137, 99 S.Ct. 2689 (1979) ................................................6

<u>Broadrick v. Oklahoma</u>, 413 U.S. 601, 93 S.Ct. 2908 (1973) ........................................12

<u>Bruno v. Pembrook Mgmt., Inc.</u>, 212 A.D.2d 314, 628 N.Y.S.2d 971
(2d Dep't 1995) ...........................................................................................................22

<u>Calder v. Planned Community Living, Inc.</u>, 1995 WL 456400 (S.D.N.Y. 1995) .......................16

<u>Capasso v. Metro. Transp. Auth. of State of N.Y.</u>, 198 F.Supp.2d 452 (S.D.N.Y.2002) .............22

<u>Claybrook v. Birchwell</u>, 199 F.3d 350 (6th Cir. 2000) ................................................11

<u>Coffey v. City of New York</u>,  49 A.D.3d 449, 853 N.Y.S.2d 551 (2008) ....................................15

<u>Collins v. Harker Heights</u>, 503 U.S. 115, 112 S.Ct. 1061, 1069 (1992) ...............................7

<u>Colon v. Coughlin</u>, 58 F.3d 865 (2d Cir. 1995) ................................................ 12, 14

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 118 S.Ct. 1708 (1998) .............................7, 10

<u>Dangler v. N.Y. City Off Track Betting Corp.</u>, 193 F.3d 130 (2d Cir.1999) .............................19

<u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 677 (1986) ................................................9

<u>Davidson v. Cannon</u>, 474 U.S. 344, 106 S.Ct. 668 (1986) ................................................7

<u>Dawson v. County of Westchester</u>, 351 F.Supp.2d 176 (S.D.N.Y. 2004) ....................................23

<u>DeShaney v. Winnebago County Dept. of Social Servs.</u>, 489 U.S. 189,
109 S.Ct. 998 (1989) .....................................................................................................7

<u>Doe v. Whitney</u>, 8 A.D.3d 610, 779 N.Y.S.2d 570 (2d Dep't 2004) ...........................................18

<u>Estevez-Yalcin v. Children's Vill.</u>, 331 F.Supp.2d 170 (S.D.N.Y.2004) ....................................17

<u>Ford v. Moore</u>, 237 F.3d 156 (2d Cir.2001) ................................................................20

Gan v. City of New York, 996 F.2d 522 (2d Cir. 1993) ..............................................13

Gibson v. Commissioner of Mental Health, 2006 WL 1234971
(S.D.N.Y. 2006) ......................................................................................... 13, 14

Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989) ...........................................6

Hanrahan v. Doling, 331 F.3d 93 (2d Cir. 2003) ..................................................20, 21

Harrison v. Harlem Hosp., 2007 WL 2822231 (S.D.N.Y. 2007) ..................................11

Haybeck v. Prodigy Serv. Co., 944 F.Supp. 326 (S.D.N.Y.1996) ...............................16

Hiller v. County of Suffolk, 81 F.Supp.2d 420 (E.D.N.Y. 2000) ..................................23

Jean-Laurent v. Wilkerson, 438 F.Supp.2d 318 (S.D.N.Y. 2006) ...............................14

Jean-Laurent v. Wilkinson, 540 F.Supp.2d 501 (S.D.N.Y. 2008) ...............................18

Liscio v. Warren, 901 F.2d 274 (2d Cir.1990) .....................................................9, 19

Lowrance v. Achtyl, 20 F.3d 529 (2d. Cir.1994) .......................................................7

Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986) .............................................21

Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806 (1985) .........................................20

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978) .....................13, 19

Mortise v. United States, 102 F.3d 693 (2d Cir.1996) ................................................22

Murray v. Research Found. of State Univ. of N.Y., 283 A.D.2d 995, 723
N.Y.S.2d 805 (4th Dep't 2001) ......................................................................17, 18

Neighbour v. Covert, 68 F.3d 1508 (2d Cir.1995) .....................................................17

Pabon v. Wright, 459 F.3d 241 (2d Cir.2006) ...........................................................9

Phillips ex rel. Green v. City of New York, 453 F.Supp.2d 690 (S.D.N.Y.2006) ..........11

Ricciuti v. New York City Transit Auth., 941 F.2d 119 (2d Cir. 1991) ........................16

Rodenhouse v. Palmyra-Macedon Cent. School Dist., 2008
WL 2331314 (W.D.N.Y. 2008) ...............................................................................11

<u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. (2001) ....................................................... 6, 20

<u>Shomo v. City of New York</u>, 2005 WL 756834 (S.D.N.Y. 2005) ................................. 14

<u>Skehan v. Village of Mamaroneck</u>, 465 F.3d 96 107 (2d Cir.2006) ................................. 6

<u>Tesoriero v. Syosset Central School Dist.</u>, 382 F.Supp.2d 387 (E.D.N.Y. 2005) ............. 15, 16, 17

<u>Tierney v. City of New York</u>, 2007 WL 895133 (S.D.N.Y. 2007) ................................. 13

<u>Torres v. Howell</u>, 2006 WL 1525942 (D.Conn. 2006) .................................................. 12

<u>Turpin v. Mailet</u>, 579 F.2d 152 (2d Cir.) (Turpin I) ....................................................... 9

<u>Turpin v. Mailet</u>, 591 F.2d 426 (2d Cir. 1979) (Turpin II) ........................................... 10

<u>T.W. v. City of New York</u>, 286 A.D.2d 243, 729 N.Y.S.2d 96 (1st Dep't 2001) ......................... 15

<u>Walker v. City of New York</u>, 974 F.2d 293 (2d Cir.1992) ........................................... 16

<u>West Haven v. Turpin</u>, 439 U.S. 974, 99 S.Ct. 554 (1978) ............................................ 9

<u>Weyant v. Okst</u>, 101 F.3d 845 (2d Cir.1996) ........................................................... 9, 19

<u>Wright v. Smith</u>, 21 F.3d 496 (2d Cir. 1994) ............................................................. 12

<u>WTC Families for a Proper Burial, Inc. v. City of New York</u>, ___ F.Supp.2d ___
2008 WL 2669449 (S.D.N.Y. 2008) ....................................................................... 9

<u>Yant v. Scholack</u>, 1998 WL 157053 (S.D.N.Y. 1998) ................................................ 12

**<u>Statutes</u>**

N.Y. Exec. Law § 296............................................................................................ 5, 23

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................... 2

42 U.S.C. §1983 ................................................................................ 5, 6, 9, 11,
12, 14, 19

U.S. Const., Amend. XIV, §1 ..................................................................................... 7

## <u>PRELIMINARY STATEMENT</u>

Defendant, Carol DeAlleaume, individually and in her official capacity, submits this motion pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a cause of action.

Plaintiffs have commenced this action against Carol DeAlleaume, interim principal of the Mahopac Falls Elementary School ("Falls School") and others in connection with an alleged violation of Plaintiffs' constitutional rights and with other tort claims stemming from alleged misconduct toward several students. Misconduct which is not alleged to have involved Ms. DeAlleaume, who as interim building principal timely passed on any information she received from staff members and parents, after the fact, to her supervisors within the District. In that regard the Complaint is void of any substantive allegations connecting the alleged misconduct by various individual co-defendants District employees to Ms DeAlleaume. The only allegations concerning DeAlleaume pertain to her handling of the matter after-the-fact, when she was allegedly first informed of an issue regarding the Plaintiff-children and did not immediately reveal the details of the alleged occurrences at the initial part of the District's investigation. However, this withholding of information pending the confirmation of its accuracy does not give rise to the deprivation of a constitutional right. For that reason it would not be clear to her that she was depriving someone of their constitutional rights such as to divest her of their qualified immunity. Nor would the use of discretion in making such a decision subject her to liability under the state Human Rights Law.

Plaintiffs further allege constitutional and tort claims against Ms. DeAlleaume without any supporting facts, claiming that she was negligent in hiring, retaining and supervising the alleged tortfeasors. In that regard, Plaintiffs claim that DeAlleaume negligently inflicted emotional distress on the children. This, notwithstanding the fact that DeAlleaume, as interim

building principal,  neither hired any of these long standing employees nor did she have the

authority to terminate them even assuming arguendo that she had received any of the alleged

underlying facts which serve as a predicate to the claims set forth in the Complaint.  As is set

forth below all of these derivative claims also fail as a matter of law.

     As demonstrated below, on their face, Plaintiffs' allegations as against Ms. DeAlleaume

are legally insufficient because they fail to set forth the elements necessary to state a claim for

which she would be liable. Accordingly, the Complaint is facially deficient and must be dismissed

as against Ms. DeAlleaume.

     It is respectfully submitted that in the spirit of both judicial and financial economy Ms.

DeAlleaume is adopting many of the arguments set forth in the motion submitted on behalf of the

co-defendants Dr. Robert J. Reidy Jr. and the Mahopac Central School District with the consent

of their attorneys.


## THE COMPLAINT'S FACTUAL ALLEGATIONS

     Stripped of its surplusage, the instant action involves claims of certain statements and

actions taken toward autistic students by District employees who worked at the Mahopac Falls

Elementary School within the school's "Bridge Program." All of the individual employees are

alleged to have directly participated in this misconduct except for defendants Dr. Reidy and Ms.

DeAlleaume.  Due to this alleged misconduct, Plaintiffs allege that Plaintiff-parents "have been

subjected to extreme emotional distress" by each and all of the Defendants' conduct, and that both

Plaintiff-parents and Plaintiff-children "have suffered severe anxiety, emotional distress,

humiliation and trauma as a result of the actions and omissions of the defendants and each of

them." Compl. ¶¶ 194-95.  Plaintiff-parents allege that they have expended many hours and substantial sums of money due to Defendants' wrongful acts and omissions. Compl. ¶ 196.

As it pertains to defendant Ms. DeAlleaume, the Complaint alleges that she served as interim principal of the Mahopac Falls Elementary School during the second semester to the 2006-7 school year. Compl. ¶ 5.   It further states that at some point during the 2006-07 school year, several employees working in the Bridge Program mistreated and committed certain inappropriate behavior toward the Program's students.  Compl. ¶¶ 10-11.  The Complaint then provides that on March 20, 2007, the Plaintiff parents were notified that Ms. DeAlleaume and Dr. Reidy wanted to meet with them "to provide information regarding the Bridge program." Compl. ¶13.  Although the Complaint alleges that two meetings subsequently took place in late March of 2007, nowhere is it claimed that Ms. DeAlleaume made any statements thereat. ¶¶ 14,15,119-121.  Further, the Complaint alleges that "school administrators" knew about the misconduct in the Bridge Program a least a month earlier. Compl. ¶¶ 122, 188-189.

The Complaint additionally alleges that Ms. DeAlleaume was grossly negligent or negligent in hiring, training and/or supervising the individual co-defendants and that such gross negligence and/or negligence was a proximate cause for the acts and omissions alleged and the resultant damages. Compl. ¶ 197.  The Complaint alleges that Reidy, DeAlleaume and the District as well as defendant Card each had a duty to supervise and prevent harm to the Plaintiff-minors, and that "by policy, practice and/or custom, the District failed to properly hire, train and/or supervise teachers' aides and those assigned to interact with classified students." Compl. ¶ 198-99.  The Complaint adds that the misconduct of the employees in the Bridge Program "was foreseeable and proper supervision of the Bridge Program would have detected them and was necessary to prevent them."  Compl. ¶ 201.

## THE COMPLAINT'S CAUSES OF ACTION

As for its four causes of action involving Ms. DeAlleaume, the Complaint first alleges that "defendants' concerted conduct ... is shocking to the conscience," and that by virtue thereof:

> each defendant violated the right of each plaintiff, including the minor children, or facilitated/allowed the violation of each's right to substantive due process, as protected by the Fourteenth Amendment to the United States Constitution enforced by and through 42 U.S.C. sec. 1983. Compl. ¶ 204.

That is the extent to which the Complaint discusses the alleged Constitutional violation.

Second, the Complaint alleges that Ready, DeAlleaume and the District negligently inflicted emotional distress "as their negligent acts and/or omissions foreseeably and unreasonably endangered the physical safety of the minor children entrusted to their care and supervision." Compl. ¶ 206. Third, the Complaint avers that Reidy, DeAlleaume and the District were "negligent, causing injury to each of the plaintiffs, including the minor children, supervision over whom was their mandatory duty." Compl. ¶ 207. Fourth, the Complaint alleges that each defendant violated Executive Law § 296 by discriminating against the Plaintiff children on the basis of their disability. Compl. ¶ 216.

As demonstrated below, none of these allegations give rise to a viable claim against Ms. DeAlleaume and the pleading should be dismissed with prejudice.

## ARGUMENT

## POINT I

4

**THE COMPLAINT DOES NOT MAKE OUT A CLAIM
WHEREBY CAROL DEALLEAUME WOULD BE LIABLE
FOR VIOLATING PLAINTIFFS' RIGHTS TO SUBSTANTIVE DUE PROCESS**

Plaintiffs have brought their claim under 42 U.S.C. § 1983, which imposes civil liability only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws.  See 42 U.S.C. § 1983.  On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. See Graham v. Connor, 490 U.S. 386, 393-94,109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)).

Thus, in deciding whether Ms. DeAlleaume is subject to a suit for damages pursuant to § 1983, the Court must first decide if the facts alleged make out the deprivation of a constitutional right. Skehan v. Village of Mamaroneck, 465 F.3d 96, 107 (2d Cir.2006)  (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If those facts would constitute a deprivation, the court should grant qualified immunity if either the legal right allegedly violated was not clearly established at the time of the defendant's conduct, or the defendant's action was objectively reasonable in light of the clearly established legal rules then in effect. See Skehan, 465 F.3d at 107.

**A.    The Facts Alleged Do Not Make Out a Claim that
       Ms. DeAlleaume Deprived Plaintiffs of a Constitutional Right**

**1.    There is No Allegation of an Underlying
       Constitutional Right Which Ms. DeAlleaume Violated**

Viewing the allegations in the light most favorable to Plaintiffs, it is difficult to  identify precisely the constitutional violation alleged against Ms. DeAlleaume. See Baker, 443 U.S. at 140.

5

Plaintiffs aver that Ms. DeAlleaume and the other defendants violated their right to substantive due process as protected under the Fourteenth Amendment.  The Fourteenth Amendment provides, *inter alia*, that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. 14, § 1.  The courts have held that provision to bar certain government actions amounting to substantive due process violations. County of Sacramento v. Lewis, 523 U.S. 833, 840, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043(1998); see Collins v. Harker Heights, 503 U.S. 115, 126, 112 S.Ct. 1061, 1069, 117 L.Ed.2d 261 (1992) (noting that the Due Process Clause was intended to prevent government officials " ' "from abusing [their] power, or employing it as an instrument of oppression" ' ") (quoting DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989), in turn quoting Davidson v. Cannon, 474 U.S. 344, 348, 106 S.Ct. 668, 670-671, 88 L.Ed.2d 677 (1986)).

To state a claim for violation of substantive due process rights, a plaintiff must first identify the constitutional right at stake, and then allege that the deprivation was "arbitrary in the constitutional sense". Lowrance v. Achtyl, 20 F.3d 529, 537 (2d. Cir.1994).  Here Plaintiffs allege that at the end of March 2007, Ms. DeAlleaume informed a number of the Plaintiff parents that allegations had been made against some teachers in the Bridge Program regarding conduct occurring during the 2006-07 year, that the matter was under investigation Compl.¶ 186.  The Complaint adds that "school administrators" had known about "misconduct" in the Bridge Program at least one month before parents were advised "of the issues." Compl. ¶ 122. Noteworthy, is the fact that this alleged "misconduct" does not reference any involvement of the children, a fact which plaintiff's counsel is fully aware was not made known at the time.  It was not until the District's investigation proceeded that allegations involving the children surfaced

6

giving rise to the second meeting between Dr. Reidy and parents referenced in the complaint. Compl. ¶ 15.  However, it cannot be overemphasized that once the so called "misconduct" was reported (actually on March 8th and 9th 2007) and notwithstanding the fact that the allegations only involved issues between adult staff members, the co-defendants Card, Spiegel, Reynolds and Levy were suspended at that time.  As such when the District met with the parents of the children at the two referenced meetings in late March of 2007, and while their investigation was ongoing, the staff members accused of the adverse conduct towards the children had already been suspended. Compl. ¶¶ 14,15

The Complaint asserts that Ms. DeAlleaume and others possessed information about non-specified misconduct regarding the children for some period of time without revealing the facts to the parents.  Although this claim is completely inaccurate, without more, these allegations do not amount to a violation of either the Plaintiff-parents' or Plaintiff-children's constitutional rights. There is no constitutional right to be immediately informed of accurate details of an ongoing investigation of an event which has already occurred before the investigation is completed.  Nor is there a constitutional right not to be apprised of an accurate account about the details, or even the severity, of an event after it has occurred.  Accordingly, based on the allegations asserted as against Ms. DeAlleaume.  Plaintiffs have not even articulated what constitutional right DeAlleaume violated by being less than forthcoming, or even misrepresenting the facts, pending further investigation after the misconduct had occurred.

## 2. There is No Inference that Ms. DeAlleaume's Actions Were Taken Recklessly or With Deliberate Indifference

To state a proper claim of violation of their substantive rights, in addition to identifying the constitutional right at stake, Plaintiffs must also allege, assuming Defendants' actions were

carried out under other than exigent circumstances,[1] that the actions were taken recklessly or with deliberate indifference to Plaintiffs' rights. See WTC Families for a Proper Burial, Inc. v. City of New York, ___ F.Supp.2d ___, 2008 WL 2669449, *7 (S.D.N.Y. 2008)[2]; Pabon v. Wright, 459 F.3d 241, 251 (2d Cir.2006).  Evaluating deliberate indifference invokes "an objective standard, requiring determination of what the official knew or should have known." Weyant v. Okst, 101 F.3d 845, 856 (2d Cir.1996), (citing Liscio v. Warren, 901 F.2d 274, 276-77 (2d Cir.1990)).  A mere lack of due care does not rise to the level of a substantive due process violation. Davidson v. Cannon, 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 332, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986); Pabon, 459 F.3d at 250.

Here, nothing in the Complaint indicates that by failing to contact the parents and provide information immediately following the alleged and non-specific tortious activity, Ms. DeAlleaume displayed a mental state of "deliberate indifference" in order to "meaningfully be termed culpable" under §1983. Turpin v. Mailet, 579 F.2d 152, 166 (2d Cir.) (Turpin I), vacated sub nom. West Haven v. Turpin, 439 U.S. 974, 99 S.Ct. 554, 58 L.Ed.2d 645 (1978), on remand Turpin v. Mailet, 591 F.2d 426 (2d Cir. 1979) (Turpin II).  To the contrary, the Complaint acknowledges that it was at the initiative of the District that the superintendent and various District employees met with the Plaintiff-parents in late March of 2007 and announced that the matter was under investigation and that for the time being they could not provided with any detailed information.  As the District employee alleged to be in charge of  supervising the Falls

---

[1]    If the actions were carried out under exigent circumstances, the standard for deprivation of a constitutional right would be higher, to wit, that the deprivation rose to the level of egregious or arbitrary conduct that shocks the conscience.  See WTC Families for a Proper Burial, Inc. v. City of New York, ___ F.Supp.2d ___, 2008 WL 2669449, *7 (S.D.N.Y. 2008); County of Sacramento v. Lewis, 523 U.S. 833, 840, 853-54, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

[2]    Copies of all unpublished Westlaw cases cited herein are annexed in the Appendix in alphabetical order.

8

School Staff (Compl. ¶ 5), not only is it undisputed that Ms. DeAlleaume reported whatever information she received to her supervisors but that she was justified in withholding information until a more accurate and detailed account could be confirmed. Nowhere in the Complaint is it alleged that Ms. DeAlleaume, a short time interim building principal, had any further obligations constitutionally or otherwise.

Only a purpose to cause harm unrelated to a legitimate governmental objective will satisfy the element of arbitrary conduct necessary for a due process violation. County of Sacramento v. Lewis, 523 U.S. 833, 836, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Thus, Ms. DeAlleaume could not have violated a constitutional right because there is no reasonable inference that she had only a purpose to cause harm when she was allegedly less than forthcoming about the non-specific misconduct she learned of and timely reported to her supervisors in the early part of the District's investigation.

**B. Plaintiff-Parents Lack Standing to Assert a Violation of the Plaintiff-Children's Constitutional Rights**

In the event Plaintiff parents are asserting a claim that the alleged mistreatment of the Plaintiff children violated the Plaintiff parents' constitutional rights, their claim would fail as a matter of law for lack of standing.

Claims under Section 1983 must be based on a violation "entirely personal to the direct victim of the alleged constitutional tort." Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." Id.; see also Harrison v. Harlem Hosp., 2007 WL

9

2822231, *4 (S.D.N.Y. 2007). Thus, "parents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." Phillips ex rel. Green v. City of New York, 453 F.Supp.2d 690, 734 (S.D.N.Y.2006) (citation omitted).

At best, in a light most favorable to Plaintiffs, the Complaint suggests that they are claiming that as a result of the injuries caused by the alleged tortious acts, the Plaintiff-parents have been deprived of their parent-child relationship. In light of the facts alleged, however, that claim is untenable.

At the outset, the allegations do not suggest that the Plaintiff-parents have lost their parent-child relationship. The Complaint does not allege a plausible claim that Ms. DeAlleaume "deprived" them of the care of the children.

If anything, the parent-child relationship has allegedly been affected. However, state action which merely has an incidental effect on the parent-child relationship is insufficient to make out a Section 1983 claim on behalf of a parent. Rodenhouse v. Palmyra-Macedon Cent. School Dist., 2008 WL 2331314, *4 (W.D.N.Y. 2008). Only if the parent-child relationship itself is targeted will a constitutional harm to a plaintiff's parental right be cognizable under Section 1983. Id, citing Torres v. Howell, 2006 WL 1525942 at *8 (D.Conn. 2006) (internal citation omitted).

There is no allegation implying that Defendant Ms. DeAlleaume took official actions directed at the parent-child relationship. To the contrary, the allegations reveal that the unfortunate disruption of the parent-child relationship would only have been incidental to Ms. DeAlleaume alleged failure to be forthcoming pending the investigation, which is insufficient as a matter of law. See Rodenhouse, supra, at *4.

If Plaintiff-parents were permitted to maintain a claim based on the indirect deprivation of their relationship with their children, they would essentially be vicariously asserting their children's constitutional claims, in contravention of well-settled principles. See Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).  Accordingly, Plaintiff-parents' family association claims should be dismissed.

**C.      The Complaint Fails to Plead Any Allegation
         of Personal Involvement of Defendant Ms. DeAlleaume**

This case should be dismissed with respect to Ms. DeAlleaume.  Of particular significance is the fact that the Complaint lacks any allegation that Ms. DeAlleaume had any personal involvement in the alleged deprivation of Plaintiffs' constitutional rights.  On this ground alone the Complaint should be dismissed as against her.

To be sure, it is well-established that "[i]n order to succeed on a claim under Section 1983, a plaintiff must establish personal involvement in the alleged constitutional deprivation by each defendant." Yant v. Scholack, 1998 WL 157053, *7 (S.D.N.Y. 1998); see also Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  A supervisory official cannot be held liable under Section 1983 on a theory of respondeat superior. Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978)).  Nor may she be held liable merely because she occupies a position in the chain of command.  Colon, 58 F.3d at 874.  The personal involvement of a supervisory defendant may be shown only by evidence that

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or

11

custom, (4) the defendant was grossly negligent in supervising
subordinates who committed the wrongful acts, or (5) the defendant
exhibited deliberate indifference to the rights of [individuals] by
failing to act on information indicating that unconstitutional acts
were occurring.

Id. at 873; see also Tierney v. City of New York, 2007 WL 895133, *20 (S.D.N.Y. 2007).

Further, "[b]road, conclusory allegations that a high-ranking defendant was informed of an

incident are insufficient to impose liability." Gibson v. Commissioner of Mental Health, 2006 WL

1234971, *5 (S.D.N.Y. 2006).

### 1.     No Participation or Failure to Remedy a Wrong

Nowhere in the Complaint do plaintiffs allege that defendant Ms.DeAlleaume personally

participated in the alleged wrongful acts, or failed to remedy a wrong after discovering it.

Plaintiffs' only references to Ms. DeAlleaume center on her failure to provide up-to-date details

on what she had already been informed of at the time parents were first notified that there had

been a situation in the Bridge Program.  The Complaint also vaguely states that "school

administrators" knew about the misconduct in the Bridge Program a least a month earlier, but

does not identify the specific misconduct referenced,  is not in dispute that the initial conduct

reported only involved the adult staff in the Bridge class.  From these allegations, there is nothing

to imply that Ms. DeAlleaume knew or should have known what was allegedly transpiring in the

classrooms before being informed herself.

These allegations do not even assert that Ms. Dealleaume knew of the alleged

constitutional violation at the time of its occurrence much less contain the specificity of personal

involvement necessary to claim an award of damages against them under § 1983. See e.g. Shomo

v. City of New York, 2005 WL 756834, *7 (S.D.N.Y. 2005) (insufficient allegation of personal

involvement where plaintiff alleged that although Fraser and Perry were aware of the violations

12

they did nothing to protect him, but did not adequately state that Fraser and Perry were aware of the violations he alleged, did not indicate when he complained to their offices, or what the content of the complaint was, did not explain how Fraser and Perry were responsible, directly or indirectly, for the acts of the other named defendants, or the prevailing conditions that contributed to the plaintiff's injuries); cf. Gibson, supra at *7 (claim that individual defendant "[a]s unit chief failed intervene to stop the amount of abuse against patients by staff treatment assistants or punish the wrong doers [sic]" sufficed as allegation of personal involvement); Jean-Laurent v. Wilkerson, 438 F.Supp.2d 318, 326 (S.D.N.Y. 2006) (allegation that Horn "expressly authorized ... [corrections officers] to maintain a custom practice that authorized the use of physical force against inmates without just cause" fell into the third Colon category and thus properly stated a claim that Horn was personally involved in violating plaintiff's constitutional rights).

In that regard, the Complaint does not allege that Ms. DeAlleaume failed to remedy the wrong.

### 2.    No Creation of a Policy or Custom

Nor does the Complaint assert that Ms. DeAlleaume created a policy or custom or even had policy making authority with respect to the District's administration of the Bridge Program, under which unconstitutional practices occurred.  Instead it sets forth the conclusory assertions that  Ms. DeAlleaume, Dr. Reidy and the District were grossly negligent or negligent in hiring, training and/or supervising the employees who allegedly engaged in the misconduct (Compl. ¶ 197).  Those assertions are insufficient to create an inference that Ms. DeAlleaume was personally involved in the deprivation of Plaintiffs-childrens' civil rights.

13

The complaint alleges that Ms. DeAlleaume was an interim principal during the second semester of the 2006-6 school year. (Compl. ¶ 5). As such and on its face she had absolutely no role in the hiring of these long standing co-defendant District employees. Assuming arguendo that Ms. DeAlleaume can be liable for negligent hiring, the plaintiff's must establish and demonstrate that she knew or should have known of any propensity by the employee to act in the fashion he/she did. Coffey v. City of New York, 49 A.D.3d 449, 853 N.Y.S.2d 551 (2008). An employer is obligated to "investigate a prospective employee when it knows of facts that would lead a reasonably prudent person to investigate that prospective employee." T.W. v. City of New York, 286 A.D.2d 243, 245, 729 N.Y.S.2d 96, 97-98 (1st Dep't 2001). Thus, an essential element of this claim is that the employer knew its employees' wayward tendencies and failed to act to mitigate them before the plaintiff was injured.

Plaintiffs fail to allege that Ms. DeAlleaume or any other District administrator possessed information that the employees involved in the alleged misconduct were prone to engage in such behavior. Accordingly, Plaintiffs have not made out a claim of negligent hiring. See Tesoriero v. Syosset Central School Dist., 382 F.Supp.2d 387, 401 (E.D.N.Y. 2005) (dismissing negligent hiring claim where there were no facts to indicate that the District knew or should have known about teacher's alleged propensity to sexually harass female students when he was hired); Haybeck v. Prodigy Serv. Co., 944 F.Supp. 326, 332 (S.D.N.Y.1996) (dismissing claims for negligent hiring and retention because plaintiff failed to allege that defendant knew about employee's tortious conduct); cf. Calder v. Planned Community Living, Inc., 1995 WL 456400, *10 (S.D.N.Y. 1995) (sustaining negligent hiring claim where plaintiff alleged that at the time of the hiring of the counselor alleged to have instigated and encouraged an altercation between the

14

clients of defendant not-for-profit organization, various staff members expressed concern because his girlfriend was the organization's Executive Director).

Nor have Plaintiffs articulated a claim of negligent training. Normally in the context of a "failure to train" claim, a supervisor will not be held liable unless the failure to train amounts to deliberate indifference. Walker v. City of New York, 974 F.2d 293, 297 (2d Cir.1992), i.e., "that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). A deliberate indifference claim must meet three requirements: (1) the supervisory official "knew, to a 'moral certainty,' that his employees would confront a given situation; (2) training would reduce the risk of employees' mishandling the situation; and (3) the wrong choice by the employee would frequently cause the deprivation of someone's rights." Id. at 297.

Here, Plaintiffs' conclusory allegations fail to state a valid cause of action for negligent training. They simply allege, without more, that the District failed to train the employees assigned to interact with classified students. They do not discuss the content of the training or the propriety of the training. They fail to allege – and it is unimaginable – that Ms. DeAlleaume knew that the employees would be tempted to exploit the deficiencies of autistic children for their own enjoyment such that he should have arranged for training to coach them in reducing this enticement.

"The mere allegation that the municipality failed to train its employees properly is insufficient to establish a municipal custom or policy." Neighbour v. Covert, 68 F.3d 1508, 1512 (2d Cir.1995). Accordingly, Plaintiffs' claim for negligent training must fail.

### 3.    No Gross Negligence in Supervising Subordinates

The Complaint does allege that DeAlleaume, Dr. Reidy and the District were "negligent, causing injury to each of the plaintiffs, including the minor children, supervision over whom was their mandatory duty." Compl. ¶ 207.  It is true that the duty to supervise encompasses the supervision of teachers as well as students, insofar as teachers present known or knowable potential threats to the students' well-being. " Tesoriero v. Syosset Central School Dist., 382 F.Supp.2d 387, 402 (E.D.N.Y. 2005).  Here, too, however, the Complaint fails as a matter of law.

An official will have breached the duty to supervise employees only if  " 'a parent of ordinary prudence placed in the identical situation and armed with the same information would invariably have provided greater supervision.' " Tesoriero, supra quoting Murray v. Research Found. of State Univ. of N.Y., 283 A.D.2d 995, 723 N.Y.S.2d 805, 807 (4th Dep't 2001).  In that regard, a plaintiff's injury must still have been "reasonably foreseeable," see Estevez-Yalcin v. Children's Vill., 331 F.Supp.2d 170, 176 (S.D.N.Y.2004) (citations omitted), and proximately related to the school's failure to provide adequate supervision. Tesoriero, at 402.

Plaintiffs fail to allege that Ms. DeAlleaume had any information about what was happening in the Bridge Program, or that she was aware of certain facts which would indicate possible misconduct so as to render it foreseeable. Cf. Doe v. Whitney, 8 A.D.3d 610, 779 N.Y.S.2d 570, 572 (2d Dep't 2004) (a fact-finder could reasonably conclude that a school negligently failed to supervise a sexually-abusive teacher, where the teacher often kept the student victim in his classroom at recess, or removed him from other classes on a weekly basis without explanation but with the consent of the other teachers); Jean-Laurent v. Wilkinson, 540 F.Supp.2d 501, 512 (S.D.N.Y. 2008) (sustaining claim of negligent supervision where complaint alleged that Jorgensen and Burrows were "at or in very near proximity" of the staircase and knew that plaintiff's constitutional rights were allegedly being violated by an inferior officer when, inter

16

alia, just prior to being escorted into the stairwell, Jorgensen instructed an officer to take Inmate # 1 into a stairwell and "break the inmate's leg if necessary to make him comply with the order given," and that Jorgensen and Burrows heard inmate # 1 "screaming very loudly for mercy"); Murray, 723 N.Y.S.2d at 807 (negligent supervision claim sustained against an institution that allowed an instructor to release a student not enrolled in that instructor's course from another class every week over a six-month period, in order to meet with him alone in a room with the door closed, in contravention of district policy). In that respect the Complaint does not connect Ms. DeAlleaume's supervisory role involving the building administration of the Bridge Program with the alleged tortious actions taken inside a classroom. Accordingly, there is no reasonable inference from which it could be deduced that Ms. DeAlleaume should have known to supervise the teachers in the Bridge Program so as to give rise to a breach of her duty to supervise.

### 4.    No Deliberate Indifference Due to Failure to Act on Information

Nor does the Complaint suggest that Ms. DeAlleaume's action or decision constituted a failure to train or supervise to the extent it amounted to "deliberate indifference" to the Plaintiffs' rights. Evaluating deliberate indifference invokes "an objective standard, requiring determination of what the official knew or should have known." Weyant v. Okst, 101 F.3d 845, 856 (2d Cir.1996), (citing Liscio v. Warren, 901 F.2d 274, 276-77 (2d Cir.1990)). As set forth above, nothing suggests that Ms. DeAlleaume knew about the alleged misconduct or articulates how or why she should have known.

Accordingly, the claims of violation of substantive due process rights and negligent supervision as they relate to Ms. DeAlleaume should be dismissed.

17

**D.**     **Carol DeAlleaume is Not Liable Under Section 1983**

Liability for Ms. DeAlleaume may only be found " 'when execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury.' " Aggarwal v. N.Y. City Health & Hosp. Corp., 2000 WL 172787, at *7 (S.D.N.Y. 2000), quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); accord Dangler v. N.Y. City Off Track Betting Corp., 193 F.3d 130, 142-43 (2d Cir.1999). As the allegations do not give rise to a plausible claim that the District's official policy was to condone the alleged exploitation and abuse of autistic children within its care, Plaintiffs' constitutional claim as against the Ms. DeAlleaume must be dismissed.

**E.**     **Carol DeAlleaume is Protected by the Doctrine of Qualified Immunity**

Under the doctrine of qualified immunity, "[p]ublic officials enjoy immunity from suit for damages . . . for acts undertaken in their official capacity, unless their conduct violates clearly established constitutional rights of which an objectively reasonable official would have known" or that it was "objectively reasonable" to believe that their acts did not violate clearly established rights, in other words, if "officers of reasonable competence could disagree on the legality of the defendants' actions." Ford v. Moore, 237 F.3d 156, 163 (2d Cir.2001); Anderson v. Creighton, 483 U.S. 635, 637-41, 107 S.Ct. 3034, 3037-40 (1987). "The primary goal of qualified immunity is to permit government officials to act in areas of legal uncertainty without undue fear of subsequent liability." Hanrahan v. Doling, 331 F.3d 93, 98 (2d Cir. 2003). "'The privilege is 'an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" Saucier v. Katz, 533 U.S. 194,

200-01, 121 S.Ct. 2151, 2156 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985)).  Consequently, a determination as to whether a defendant is entitled to qualified immunity "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive."  Saucier, 533 U.S. at 200, 121 S.Ct. at 2156.

The qualified immunity analysis is a three-step inquiry that should be considered in sequential order.  Id. at 200.  First, the court must determine whether the plaintiff has alleged a violation of a constitutional right.  Id. at 201.  If the facts alleged show that the defendant violated a constitutional right, then the court considers whether the right was clearly established at the time of the conduct.  Id, at 201.  Finally, if the plaintiffs had a clearly established constitutionally protected right that was violated, they must then demonstrate that the defendant's actions were not objectively reasonable.  Harhay, 323 F.3d at 211.

Ms. DeAlleaume is entitled to qualified immunity considering that, as detailed above, she did not violate Plaintiffs' constitutional rights.  For that reason, as a matter of law it could not have been clear to a reasonable administrator that her conduct was unlawful in the situation she confronted.

Ms. DeAlleaume's actions regarding revealing the extent of the accusations made against the teachers in the Bridge Program, to the extent that such an obligation could be imposed on her individually based on the facts of this case, were certainly "objectively reasonable" for her to believe that no rights were being violated by her conduct. See Hanrahan, 331 F.3d at 98 ("In evaluating whether a right is clearly established . . . , the court looks to both "'the clarity of the law establishing the right allegedly violated' as well as 'whether a reasonable person, acting under the circumstances then confronting a defendant, would have understood' that his actions were unlawful.") (citation omitted).  Accordingly, Plaintiffs' constitutional claim as against Ms.

19

DeAlleaume should be dismissed. <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986) ("[Q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law.").

## POINT II

### PLAINTIFFS HAVE NOT STATED A CLAIM FOR<br>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs fail to state a cause of action as against Ms. DeAlleaume for negligent infliction of emotional distress.

To establish a claim for negligent infliction of emotional distress under New York law, a plaintiff must demonstrate either (1) that he or she was threatened with physical harm as a result of the defendant's negligence and he or she suffered emotional injury from witnessing the death or serious bodily injury of a member of his or her immediate family (known as the "bystander" theory); or (2) that he or she suffered an emotional injury from the defendant's breach of a direct duty owed to the plaintiff which unreasonably endangered his or her own physical safety (known as the "direct duty" theory). <u>See</u> <u>Mortise v. United States</u>, 102 F.3d 693, 696 (2d Cir.1996).

Clearly neither the Plaintiff-parents nor Plaintiff-children have suggested that their physical safety was ever threatened or endangered by Ms. DeAlleaume.  Nor, as elaborated above, did Ms. DeAlleaume breach a direct duty owed to the Plaintiffs which unreasonably endangered their safety.  Accordingly, the negligent infliction of emotional distress claim must be dismissed as against Ms. DeAlleaume.

## POINT III

## PLAINTIFFS HAVE NOT STATED A CLAIM
## FOR VIOLATION OF EXECUTIVE LAW § 296

Plaintiffs have not stated a cause of action for violation of the state's Human Rights Law as against Ms. DeAlleaume.

The overall purpose of the Human Rights Law is to bar discrimination against persons based upon their personal attributes. Capasso v. Metro. Transp. Auth. of State of N.Y., 198 F.Supp.2d 452, 465 (S.D.N.Y.2002), quoting Bruno v. Pembrook Mgmt., Inc., 212 A.D.2d 314, 628 N.Y.S.2d 971, 975 (2d Dep't 1995). Toward that end, the statute contains numerous subdivisions (most of which consist of multiple parts or paragraphs) addressing a myriad of discriminatory practices in various walks of life. See generally Exec. Law § 296.

Plaintiffs do not specify which of the NYHRL's specific parts or provisions the Defendants allegedly offended, but rather summarily state that Defendants discriminated against Plaintiff-children on the basis of their disability. Thus, it is assumed that the Complaint purports to state a claim under Section 296 subdivision 4 of the law, which reads in relevant part:

> It shall be an unlawful discriminatory practice for an education corporation or association which holds itself out to the public to be nonsectarian and exempt from taxation pursuant to the provisions of article four of the real property tax law ... to permit the harassment of any student or applicant, by reason of his ... disability ...

However, government officials or employees who make decisions that are discretionary, but not judicial in nature, are entitled to qualified immunity under the Human Rights Law unless there is bad faith or the action is taken without a reasonable basis. Dawson v. County of Westchester, 351 F.Supp.2d 176 (S.D.N.Y. 2004); Hiller v. County of Suffolk, 81 F.Supp.2d 420, 423 (E.D.N.Y. 2000). There is nothing in the Complaint to suggest that her decisions were made

21

in bad faith or without a reasonable basis.  Consequently, Ms. DeAlleaume enjoys qualified

immunity with respect to the Plaintiffs' Human Rights Law claim, and as asserted as against Ms.

DeAlleaume, it should be dismissed as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Carol DeAlleaume respectfully requests that this Court

grant the instant motion to dismiss as well as such other and further relief as this Court deems just

and proper.

Dated: New York, New York
        August 15, 2008

                        Respectfully submitted,

                        CONGDON, FLAHERTY, O'CALLAGHAN,
                        REID, DONLON, TRAVIS & FISHLINGER

                        By: _____
                            MICHAEL MOUZAKITIS (MM 0064)
                        *Attorneys for Defendant -- Carol DeAlleaume*
                        333 Earle Ovington Boulevard, Suite 502
                        Uniondale, New York  11553
                        (516) 542-5900

22

Of Counsel,
  Michael Mouzakitis